UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                                         Criminal Case No. 16-20025
                                                         Honorable Linda V. Parker

DAVID PAUL BREWER, JR.,

      Defendant.
_____/

## **OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO FIND ATTORNEY-CLIENT PRIVILEGE WAIVED AND SETTING DEADLINES FOR THE GOVERNMENT'S RESPONSE AND DEFENDANT'S REPLY WITH RESPECT TO DEFENDANT'S PENDING 28 U.S.C. § 2255 MOTION**

This case is before the Court on the Government's motion to find that Defendant waived the attorney-client privilege by asserting ineffective assistance of counsel claims in his pending 28 U.S.C. § 2255 motion. For the reasons below, the Court is granting the Government's motion.

### **I. Background**

On January 19, 2016, Defendant pleaded guilty pursuant to a plea agreement to two counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). This Court sentenced Defendant on May 3, 2016, to consecutive terms of imprisonment of 240 months on one count and 60 months on the second count, to be served concurrently with a sentence imposed in state court.

(ECF No. 25.) Assistant Federal Defender Joan Morgan represented Defendant in these proceedings. More than a year later, on May 24, 2017, Defendant filed a *pro se* notice of appeal. (ECF No. 28.)

The Sixth Circuit Clerk thereafter issued an order requiring Defendant to show cause why his appeal should not be dismissed as late, and the Government filed a motion to dismiss the appeal as late. Defendant responded to both, arguing that his appeal should be construed as a timely motion to vacate his conviction under 28 U.S.C. § 2255. Defendant asked the appellate court to remand the matter to district court.

On August 31, 2017, the Sixth Circuit issued an order granting the Government's motion to dismiss the appeal as untimely and remanding the matter to this court "with instructions to address whether the letter filed by [Defendant] on May 24, 2017, should be construed as a § 2255 motion to vacate." (ECF No. 30.) This Court entered an order on September 7, 2017, concluding that Defendant's notice of appeal should in fact be construed as a § 2255 motion. (ECF No. 31.) The Court ordered the Government to respond to the motion on or before October 10, 2017. (*Id.*) The deadline subsequently was extended to November 9, 2017. (ECF No. 33.)

On November 9, 2017, the Government again moved to extend the time to respond to Defendant's motion and asked the Court to find that Defendant waived

the attorney-client privilege by alleging Ms. Morgan's ineffectiveness. (ECF No. 34.) In the motion, the Government states: "To address his ineffectiveness claim, the government needs to interview [Defendant]'s trial counsel about any discussions that concerned investigating a psychological claim." (*Id*. at Pg ID 227.) The Court immediately granted the Government's request for an extension of time to respond to Defendant's motion, giving the Government 60 days from the Court's decision on the Government's request to find Defendant's attorney-client privilege waived.

However, because the Court did not understand Defendant to be raising an issue concerning a psychological defense in his May 24, 2017 filing, it ordered him to file an amended § 2255 motion. (*Id*. at Pg ID 236.) The Court explained further: "It is necessary to clarify the claims Defendant is raising to attack his sentence and/or conviction, in order to decide whether he is waiving his attorney-client privilege and, if so, the extent of the waiver." (*Id*.) Defendant filed an amended § 2255 motion on January 8, 2018. (EF No. 38.) The Government then filed a motion for extension of time to respond and an order finding Defendant's attorney-client privilege waived because the claims in his amended § 2255 motion relate solely to the effectiveness of Ms. Morgan's representation. (ECF No. 39.)

## II. Analysis

"There is no question that the attorney-client privilege remains applicable in habeas proceedings," but "[t]he privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005). The extent of that waiver is limited, however, and should not be construed to permit disclosure of more information than necessary to litigate the ineffective assistance claims. *Id.* at 453-54 (citing *Mason v. Mitchell*, 293 F. Supp. 2d 819, 823-24 (N.D. Ohio 2003)). Where a court finds a waiver, it should be "no broader than needed to ensure the fairness of the proceedings before it." *Id.* at 453 (quoting *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003)).

In the present matter, Defendant has placed Ms. Morgan's performance and strategic decisions at issue by claiming that she improperly communicated with Defendant's state court attorney and provided ineffective assistance at sentencing. As such, Defendant has impliedly waived the attorney-client privilege to the extent reasonably necessary to litigate those claims. Thus, the Government may interview Ms. Morgan; however, the interview must be limited to what is reasonably necessary to respond to the allegations expressly raised in Defendant's § 2255 motion. Ms. Morgan shall not discuss other aspects of her representation of Defendant with the Government. Any information gleaned from these discussions

4

may be used only in connection with these § 2255 proceedings, including any appeal.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** the Government's motion and finds that Defendant has waived the attorney-client privilege to the extent reasonably necessary to litigate the claims he raises in his pending § 2255 motion. Accordingly, the Court authorizes Ms. Morgan to respond to the Government's inquiries regarding her representation of Defendant. This authorization is limited to the extent reasonably necessary to address the specific allegations asserted by Defendant in his § 2255 motion. Finally, the information disclosed may be used only during these § 2255 proceedings, including any appeal.

The Government shall file a response to Defendant's § 2255 motion within sixty (60) days of this Opinion and Order. Defendant may file a reply brief within twenty-one (21) days of the Government's filing.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: January 16, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 16, 2019, by electronic and/or

U.S. First Class mail.

                                                                                                 <u>s/ R. Loury</u>
                                                                                                 Case Manager