UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                           Criminal Case No. 16-20025
v.                                    Honorable Linda V. Parker

DAVID PAUL BREWER, JR.,

    Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A COPY OF THE PRESENTENCE INVESTIGATION REPORT</u>**

On January 19, 2016, Defendant pleaded guilty pursuant to a plea agreement to two counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). On May 3, 2016, this Court sentenced Defendant to consecutive prison terms of 240 months and 60 months, to be served concurrently with a sentence imposed in state court. (ECF No. 25.) The matter is presently before the Court on Defendant's "Motion to Request Copy of Presentence Investigation Report." (ECF No. 40.)

This Court lacks the authority to provide Defendant with a copy of the Presentence Investigation Report ("PSR"). *In re Siler*, 571 F.3d 604, 609 (6th Cir. 2009). As the Sixth Circuit explained in that case:

> Although a district court's inherent authority allows it to manage documents in its custody, PSRs are not such documents because they

> are released to the court for the limited purpose of sentencing, but are otherwise in the custody of the U.S. Probation Office, which creates the PSRs. In this regard, PSRs are not similar to grand jury transcripts, requests for which must be directed toward "the court that supervised the grand jury, as it is the only court with control over the transcripts." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 225, 99 S .Ct. 1667, 60 L.Ed.2d 156 (1979). In contrast, PSRs are "materials that the Government possesses, and that may be obtained ... through the normal course of third-party civil discovery," [*United States v.*] *Moussaoui*, 483 F.3d [220, 236 (4th Cir. 2007], or by filing a request under the Freedom of Information Act, *see, e.g., United States v. Julian*, 486 U.S. 1, 11-12, 108 S. Ct. 1606, 100 L.Ed.2d 1 (1988). Thus, because the district court in this case was not the custodian of the PSRs, it did not have the authority to entertain motions to unseal or release the PSRs.

*In re Siler*, 571 F.3d at 609. Further, Rule 32 of the Federal Rules of Criminal Procedure governs when a PSR may be disclosed and to whom; however, the rule provides for disclosure to a defendant only *before* sentencing. *See United States v. Bernstein*, 546 F.2d 109, 110 (5th Cir. 1997) (finding no error in district court's refusal to provide PSR to substitute counsel after sentencing in order to file a motion to reduce sentence); *United States v. Buckley*, 847 F.2d 991, 1003 (1st Cir. 1988) (finding no error in district court's denial of defendant's motions to obtain a copy of his PSR post-sentencing, indicating that "the Federal Rules of Criminal Procedure do not give [the defendant] a right to see his report once he has been sentenced."); *United States v. Bundy*, 587 F. Supp. 95, 98 (M.D. Tenn. 1983) (denying the defendant's motion for disclosure of report, reasoning that "neither [Rule 32], nor its rationale, has any application to a *post* sentence report …).

2

For these reasons, the Court is **DENYING** Defendant's motion requesting a copy of the Presentence Investigation Report.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 16, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 16, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager