UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                          Criminal Case No. 16-20025
v.                                           Honorable Linda V. Parker

DAVID PAUL BREWER, JR.

       Defendant.
_____/

**OPINION AND ORDER (1) DENYING DEFENDANT'S AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255, (2) STRIKING DEFENDANT'S SECOND AMENDED § 2255 MOTION, AND (3) DENYING DEFENDANT'S REMAINING PENDING MOTIONS**

On January 19, 2016, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to two counts of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). On May 3, 2016, this Court sentenced Defendant to consecutive terms of imprisonment of 240 months on Count One and 60 months on Count Two. The Court indicated that Defendant's sentence should be served concurrently with a sentence imposed in Lapeer County. The matter is presently before the Court on Defendant's motions to vacate his sentence under 28 U.S.C. § 2255, as well as Defendant's motions to appoint counsel and requests for transcripts and documents. The Government has filed a response to Defendant's first amended § 2255 motion, arguing that he is not entitled to relief.

**Background**

Defendant was charged in an Information in this matter with two counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). Attorney Joan Morgan from the Federal Defender Office was appointed to represent Defendant. While this case was pending, Defendant faced charges in the Circuit Court for Lapeer County, Michigan, for criminal sexual conduct involving a developmentally disabled 15- or 16-year-old girl. Defendant was represented by separate counsel in the state court proceedings.

In the federal proceedings before then-Magistrate Judge Stephanie Dawkins Davis, Defendant pleaded guilty to both counts of the Information pursuant to a Rule 11 Plea Agreement on January 19, 2016. (ECF No. 16.) The agreement provided that Defendant's guideline range was 360-480 months and that his sentence could not exceed the bottom of that range. (*Id*. at Pg ID 46.) It further provided, however, that the Court had to impose a sentence of at least five years on both counts (i.e., the statutory mandatory minimum), although the sentences were not required to run consecutively. (*Id*.)

Prior to Defendant's sentencing in this matter, he was sentenced in the state court proceedings to a term of imprisonment of 10 to 22 and a half years. (*See* ECF No. 27 at Pg ID 193.) Defendant was sentenced in federal court on May 3, 2016. (*Id.*) This Court sentenced him to terms of imprisonment of 240 months on

Count One and 60 months on Count Two, to run consecutively to each other and concurrently with the state court sentence. (*Id.* at Pg ID 205; ECF No. 25.)

On May 24, 2017, Defendant filed an untimely notice of appeal, which he later argued should be construed as a timely motion to vacate his conviction under § 2255. (*See* ECF No. 30.) The Sixth Circuit remanded the case with instructions for this Court to decide whether Defendant's filing should be construed as a § 2255 motion. (*Id.*) This Court subsequently determined that Defendant's filing should be construed as such (ECF No. 31); however, due to some confusion as to what arguments Defendant was raising in support of his request for relief, it ordered him to file an amended motion (ECF No. 37.)

In an amended motion filed January 8, 2018, Defendant asserts that Ms. Morgan provided ineffective assistance of counsel. (ECF No. 38.) In support of this claim, Defendant refers to unspecified communications between Ms. Morgan and his attorney in the state court proceedings, which Defendant asserts were "detrimental" to both cases. Defendant also refers to: (i) his discussions with Ms. Morgan about firing his state court attorney and serving his sentences in federal versus state custody; (ii) representations made to him by an attorney who substituted in for his counsel on the day of sentencing in state court, that Ms. Morgan purportedly wanted Defendant to accept a ten-year sentence being offered in the state proceedings; and (iii) Ms. Morgan's alleged failure to rebut the

3

Government's arguments at sentencing and raise arguments (e.g., his alcohol abuse, his statement to U.S. Marshals that he prefers girls fifteen and older) to minimize his wrongful conduct. Finally, Defendant states that he believed he would be eligible for parole after serving the mandatory minimum sentence of five years for his federal convictions and that he maintained this false understanding until Ms. Morgan sent him a letter clarifying the sentence.

On April 15, 2019, Defendant filed another motion to vacate his sentence under § 2255. (ECF No. 48.) He did not seek or obtain permission for this filing. In this motion, Defendant asserts that Ms. Morgan obstructed justice and suppressed evidence, but he does not elaborate on these claims. He refers vaguely to information that Ms. Morgan demanded concerning a prostitute mother and her four- to five-year-old daughter.

The Government filed a response to Defendant's first amended motion on April 16, 2019. (ECF No. 47.) The Government construes Defendant's motion as raising only the argument that Ms. Morgan failed to make arguments at sentencing that his videos should not be counted as multiple images. To the extent Defendant is asserting additional arguments, the Government asserts that they are baseless.

In addition to the above filings, Defendant has moved for trial transcripts from unrelated state court proceedings (ECF Nos. 55, 57), copies of statements and documents supporting allegations by the Government in its response brief (ECF

Nos. 56, 57), materials related to Ms. Morgan's representation (ECF No. 58), and a copy of the Lapeer County Jail visitor registry for the period between November 30, 2015 and May 4, 2016 (ECF No. 59.)  Defendant also has moved for the appointment of counsel.  (ECF Nos. 36, 43.)

### Defendant's April 15, 2019 Second Amended Motion

Defendant's amendment of his § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 2242; Rule 12 of the Federal Rules Governing Section 2255 Proceedings.  To file the amendment, Defendant first had to obtain the Government's consent or leave of court.  *See* Fed. R. Civ. P. 15(a)(2).  He obtained neither and, on that basis, his motion should be stricken.

The motion, however, is also futile because it does not "relate back" to his timely-filed § 2255 motion and is therefore time-barred under the applicable one-year limitations period.  *See* 28 U.S.C. § 2255(f)(1); *Oleson v. Untied States*, 27 F. App'x 566, 570 (6th Cir. 2001).  Defendant's claim that Ms. Morgan obstructed justice and suppressed evidence does not arise out of the same conduct, transaction, or occurrence set forth in his earlier motion.  *See Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir. 2017) (explaining that an ineffective assistance of counsel claim does not relate back to an earlier ineffective assistance of counsel claim, despite having the same designation, if the two claims "do not rely on the same common core of operative facts," or if they "target separate episodes.").  If an

untimely ineffective assistance of counsel claim is based on a distinct type of attorney malfeasance from a timely ineffective assistance of counsel claim, it does not relate back to the original claim. *Id.* (citing *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005)).

For these reasons, Defendant's April 15, 2019 second amended motion (ECF No. 48) is **STRICKEN**.

## Defendant's Motions for Counsel

A habeas petitioner does not have a constitutional right to counsel. *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (providing that a prisoner's post-conviction right to counsel extends only to the first appeal of right and no further). If the petitioner is proceeding in forma pauperis and the interests of justice so require, a federal court has the discretion to appoint counsel for any petitioner seeking habeas relief. *See* 28 U.S.C. § 2255(g); *see also* 18 U.S.C. § 3006A(a)(2)(B). In exercising its discretion, the court should consider the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Courts have found the appointment of counsel warranted where "a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare or present the claim." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004) (citing *Johnson v.*

*Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998)); *see also, e.g., Dickens v. Chapman*, No. 17-12243, 2018 WL 2009553, at *2 (E.D. Mich. April 30, 2018) (quoting *Lemeshko*).

Defendant fails to specify why counsel is needed to pursue his request for § 2255 relief. He has sufficiently articulated the factual and legal basis for his claims and his filings demonstrate that he can clearly advocate on his own behalf. The Court does not find the factual or legal issues complex, and Defendant has not articulated any other exceptional circumstances justifying the appointment of counsel.

Concluding that neither due process nor the interests of justice require the appointment of counsel, the Court **DENIES** Defendant's motions for counsel (ECF Nos. 36, 43.)

### Defendant's Motions for Transcripts and Documents

Under 28 U.S.C. § 753(f), the Government must pay the fees for transcripts provided to an individual with pauper status "if the trial judge or a circuit judge certifies that the appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." "Conclusory allegations in support of a request for free transcripts do not satisfy these requirements. *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) (citing *United States v. MacCollom*, 426 U.S. 317, 327 (1976) (holding a bare allegation of a claim is

insufficient)). Further, "a defendant is not entitled to a transcript to search for potential grounds for relief." *Root v. Towers*, No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000) (citing *MacCollum*, 426 U.S. at 325); *Bentley v. United States*, 431 F.2d 250, 254 (6th Cir. 1970)).

> Similarly, as to the other documents Defendant requests:
>
> There is no support for the proposition that a defendant is entitled to … any and all documents the defendant requests for the sole purpose of hunting through them for issues that may be raised in an as-yet filed collateral challenge to the conviction. In general, with respect to a similar request of the government, there is no constitutional right to discovery in a criminal case. *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988).

*United States v. Cook*, 3 F. App'x 449, 451 (6th Cir. 2001).

Defendant does not identify any reason why he needs the requested transcripts, records or documents; nor does he explain how they will aid the Court in deciding the issues presented in his § 2255 motion. Moreover, many of the transcripts and documents are not within the control of this Court or the Government. The Court therefore **DENIES** his motions (ECF Nos. 55-59).

### Standard of Review Applicable to Defendant's § 2255 Motion

A movant is entitled to relief under § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the

judgment vulnerable to collateral attack." 28 U.S.C. § 2255. In order to prevail as to alleged constitutional errors, a defendant must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citation omitted). Where the defendant alleges a non-constitutional error, he must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id*. (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

## Ineffective Assistance of Counsel – Applicable Law

Defendant must satisfy the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), to demonstrate that he was denied the effective assistance of trial counsel in violation of his constitutional rights. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). Defendant must show that: "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Id.* at 736 (citing *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. (quoting *Strickland*, 466 U.S. at 694).

When evaluating counsel's performance under *Strickland*'s first step, the court must apply a strong presumption that counsel "rendered adequate assistance

9

and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Courts should "not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (internal quotation marks and citation omitted). Counsel's tactical decisions are presumed to be part of sound trial strategy. *Varden v. Wainwright*, 477 U.S. 168, 185-87 (1986).

## Ineffective Assistance of Counsel - Analysis

As an initial matter, Defendant cannot demonstrate a right to relief in the pending matter based on Ms. Morgan's purported deficiencies or conduct in connection with his state court proceedings. Even if believed to be true, they have no bearing on the outcome of Defendant's federal case. He cannot show prejudice with respect to his federal convictions and sentence.[1]

The record belies Defendant's claim that Ms. Morgan rendered ineffective assistance at sentencing. The memorandum Ms. Morgan filed on Defendant's behalf (ECF No. 23), the letters she attached thereto (ECF Nos. 23-2 to 23-9), and

---

[1] To the extent Defendant believes that an error by defense counsel led to him serving his sentence in state custody rather than federal custody, Ms. Morgan attests that she devised a strategy to have Defendant moved into federal custody, but he waylaid those plans. (ECF No. 47-1 at Pg ID 297.) Further, it was a strategic decision to request that Defendant's sentencing in federal court follow his sentencing in the state court proceedings, that being in order to obtain a federal sentence running concurrently with Defendant's state sentence.

the sentencing transcript (ECF No. 27.) reflect that counsel attempted to counter the Government's arguments at sentencing and raise arguments to support a lighter sentence. Ms. Morgan argued that Defendant is in need of alcohol abuse treatment, that the Government has brought up conduct for which Defendant was never charged or was charged and acquitted (including the claims by his daughters that he molested them), and that the sentencing guidelines for child pornography are too severe (including because they overstate the number of images possessed).

While Ms. Morgan did not try to justify Defendant's attraction to child pornography based on his alcohol addiction, the letters from family members stressed that his alcoholism triggers his bad behaviors. Defendant's sentence would not have been lower if Ms. Morgan had more strongly attempted to use his abuse of alcohol to excuse his violations of the law possession—as Defendant now argues she should have done. Rather, it would have suggested to the Court that Defendant was unwilling to accept responsibility for his actions.

Ms. Morgan did not inform the Court that Defendant told the U.S. Marshals when they searched his residence that he prefers to watch pornography involving girls fifteen years of age and over, which Defendant contends is the legal age of consent. The failure to present such information, however, does not constitute ineffective assistance of counsel. The Court has no trouble finding strategic reasons for why Ms. Morgan would choose not to inform the Court of Defendant's

statement. For one, it would have invited the Government to respond with evidence refuting it. Moreover, it is highly unlikely that the result would have been favorably different had Defendant's statement been introduced.

Finally, to the extent Defendant claims that he did not understand the sentence to which he was agreeing, the record refutes this. During the plea proceedings, Defendant acknowledged that he voluntarily signed the Rule 11 Plea Agreement, which clearly states that the sentencing guidelines were 360-480 months and that Defendant could receive a sentence as high as 360 months. (ECF No. 27.) When the prosecutor read these provisions into the record, Defendant also indicated that he agreed with the terms of the agreement. (*Id.*) Defendant stated, under oath, that he understood that the maximum sentence for his convictions was 20 years and that the mandatory minimum sentence was 5 years. (*Id.*) Judge Davis specifically advised Defendant that parole has been abolished in the federal system and that he would not be released on parole. (*Id.*) Defendant indicated that he understood. (*Id.*) Judge Davis found Defendant competent to enter the plea and that he did so freely and voluntarily. (*Id.*)

For these reasons, the Court concludes that Defendant fails to demonstrate that defense counsel provided ineffective assistance.

## Conclusion

In summary, the Court is striking Defendant's second amended § 2255 motion because he did not seek consent or permission prior to filing it and, regardless, the claims asserted therein are time-barred. The Court concludes that Defendant does not establish a right to § 2255 relief in his first amended motion. Lastly, the Court concludes that Defendant has not shown that counsel should be appointed or that his requests for documents, transcripts, or records should be granted.

Defendant cannot appeal these decisions unless he first obtains a certificate of appealability under 28 U.S.C. § 2253. See Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Governing § 2255 Cases 11(a).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) [his motions] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). The court is satisfied that jurists of reason would not find its rulings debatable. A certificate of appealability is therefore not warranted in this case.

Accordingly,

**IT IS ORDERED** that Defendant's amended motion pursuant to 28 U.S.C. § 2255 (ECF No. 38) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's second amended motion pursuant to 28 U.S.C. § 2255 (ECF No. 48) is **STRICKEN**;

**IT IS FURTHER ORDERED** that Defendant's motions for appointment of counsel (ECF Nos. 36, 43) and motions for transcripts and documents (ECF Nos. 55-59) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant is denied a certificate of appealability.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 22, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager